J-A14040-25

2025 PA Super 204

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAKEEM HALL | : | |
| | : | |
| Appellant | : | No. 1399 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002520-2020

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY FORD ELLIOTT, P.J.E.:          **FILED SEPTEMBER 15, 2025**

Wakeem Hall appeals *nunc pro tunc* the judgment of sentence imposed following a jury finding him guilty of involuntary deviate sexual intercourse with a child, endangering the welfare of a child, corruption of a minor, and unlawful contact with a minor.[1] For these offenses, Hall received an aggregate sentence of fifteen to thirty years of incarceration to be followed by ten years of probation. Hall claims the court was required to grant an evidentiary hearing predicated on a proffer that, at his trial, the jury foreperson made statements during the deliberation process to other jurors that purportedly indicated he had a prior criminal record. We affirm.

Although the facts underpinning his convictions are not relevant to disposition of the present appeal, we note that, briefly, Hall was found guilty

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 3123(b), 4304(a)(1), 6301(a)(1)(ii), and 6318(a)(1), respectively.

of "repeatedly sexually abus[ing] and rap[ing] his biological daughter, C.M., in and around 2015, when C.M. was nine and ten years old. These crimes occurred in the house where C.M. lived with [] Hall, her mother, and her two siblings." Trial Court Opinion, 10/7/24, at 1 (record citations omitted). After his trial, Hall filed a motion for a new trial and an evidentiary hearing, "suggesting that the jury may have considered information outside of the record during its deliberations. [Hall] sought a new trial or, alternatively, an evidentiary hearing during which jurors could be examined pursuant to Pennsylvania Rule of Evidence 606(b)(2)(A)." Trial Court Opinion, 10/7/24, at 7 (record citation omitted). In particular,

> [t]he . . . motion concerned comments allegedly made to the attorneys after the jury rendered their verdict and had been discharged from jury duty. After the verdict had been recorded and the jurors were discharged, the jurors were offered the opportunity to speak to the attorneys from both sides. Before the jurors met with the attorneys, the jurors ate lunch together in the jury room. In [his] motion, [Hall] argued that "members of the jury expressed strong interest in why [he] did not testify and why [he] did not call other family members as fact[] witness[es]." The motion also stated:
>
> > [M]embers of the jury also asked [d]efense [c]ounsel about its failure to call a character witness. This question was accompanied by a suggestion that the foreperson – themselves an attorney – may have opined to the rest of the jury that the failure to call a character witness is indicative of a prior criminal record.
>
> The motion did not contain any affidavits or other evidence. At the hearing, [Hall] did not present any evidence in support of its motion.

*Id.* at 7-8 (record citations omitted). The court ultimately denied this motion.

Stemming from "a court computer system defect," *id.* at 8, Hall did not file a timely notice of appeal. Nevertheless, he sought relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, which resulted in reinstatement of his appellate rights *nunc pro tunc*. Thereafter, Hall timely filed a notice of appeal and a court-ordered statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Although he raised a collective six issues in his errors statement, his appellate brief is limited to one claim:

> Did the trial court abuse its discretion and was it required to grant an evidentiary hearing where the defense proffered sufficient evidence in a post-verdict motion that during deliberations, the jury foreperson told the rest of the jury that Hall's failure to call a character witness at trial indicates he has a prior criminal record?

**See** Appellant's Brief at 4.

Stated differently, Hall avers that the court erred by denying his request to hold an evidentiary hearing that would have delved into whether, during the deliberations process, any of the jurors received extraneous information or were subjected to outside influence. We review the court's denial of such a hearing under the abuse of discretion standard. **See Pratt v. St. Christopher's Hosp.**, 866 A.2d 313, 324 (Pa. 2005) (establishing that "[t]he procedure for development of [post-verdict claims alleging] . . . extraneous information and/or outside influence affecting jury deliberations . . . and their ultimate disposition remain vested, in the first instance, within the sound discretion of the trial courts[]"). We further note that "[w]hen the facts

- 3 -

surrounding the possible [juror] misconduct are in dispute, the trial judge should examine the various witnesses on the question, and [the judge's] findings of fact will be sustained unless there is an abuse of discretion." **Commonwealth v. Pope**, 14 A.3d 139, 145 (Pa. Super. 2011) (quotation marks and citations omitted).

As to what constitutes an abuse of discretion, "[d]iscretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." **Commonwealth v. Baumhammers**, 960 A.2d 59, 86 (Pa. 2008) (quotation marks and citation omitted). "A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion." **Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1123 (Pa. 2000) (quotation marks and citations omitted).

The heart of Hall's contention is an application of Rule 606(b)'s exceptions. Rule 606(b)(1), also known as the "no-impeachment rule," establishes that, during an inquiry into the validity of a verdict,

> a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

- 4 -

Pa.R.E. 606(b)(1). Notwithstanding this broad prohibition, a juror *may* testify about whether: "(A) prejudicial information not of record and beyond common knowledge and experience was improperly brought to the jury's attention; or (B) an outside influence was improperly brought to bear on any juror." *Id.* 606(b)(2)(A)-(B); *cf. Pratt*, 866 A.2d at 320 (prejudicial information that reaches a juror through a third party implicates these exceptions, especially where it pertains to a "central, disputed issue in the case"). However, "[u]nder the exception[s] to the no[-]impeachment rule, a juror may testify *only* as to the existence of the [extraneous information or] outside influence, but not as to the effect this [ ] may have had on deliberations. Under no circumstances may jurors testify about their subjective reasoning processes." *Commonwealth v. Messersmith*, 860 A.2d 1078, 1085 (Pa. Super. 2004) (quotation marks and citations omitted) (emphasis added). To be entitled to an evidentiary hearing, a party must make a "threshold showing of potential prejudice[.]" *Commonwealth v. Jeter*, 296 A.3d 1187, 1197 (Pa. Super. 2023) (citations omitted). To ascertain prejudice, the court is required to consider:

> (1) whether the extraneous influence relates to a central issue in the case or merely involves a collateral issue; (2) whether the extraneous influence provided the jury with information they did not have before them at trial; and (3) whether the extraneous influence was emotional or inflammatory in nature.

*Pratt*, 886 A.2d at 317 (citation omitted).

The court, here, found Hall's proffer to be too speculative and therefore

- 5 -

not prejudicial: "[Hall] fails to satisfy [his] initial burden to warrant an evidentiary hearing. In [his] motion, [he] argues that the jury 'may have' engaged in improper deliberations." Trial Court Opinion, 10/7/24, at 19 (record citation omitted). In that same motion, Hall also asserted that "members of the jury expressed strong interest in why [he] did not testify and why [he] did not call other family members as fact witness[es]." *Id.* at 20 (record citation omitted). Hall contends that this juror interest over his failure to call character witnesses suggests that the foreperson, who happened to be an attorney, "may have opined to the rest of the jury that the failure to call a character witness is indicative of a prior criminal record." *Id.* (record citation omitted).

> The court continued:
>
> These alleged statements by the jurors were made some time after the jurors had been discharged. In the interim, the jurors had eaten lunch together. Nothing in the alleged statements says when the information was relayed. [Hall's] arguments assume that the information was relayed during the deliberative process, but there was ample opportunity for the information to have been conveyed after the jurors were discharged.

*Id.* The court further concluded that Hall's "entire motion is reliant upon questions the jurors asked post-verdict to the attorneys about their strategic decisions in the trial [as it pertains to the calling of witnesses]. Based on those queries, [Hall] is trying to extrapolate that the jury may have used outside information during the deliberative process." *Id.*

At argument on Hall's motion for a new trial and evidentiary hearing,

Hall's counsel indicated that the foreperson attorney either suggested or implied that "if someone doesn't call a character witness in their defense in a jury trial, that means they have prior criminal convictions." Argument, 1/29/24, at 24. However, Hall's counsel conceded that such a statement "wasn't said so clearly." *Id.* Moreover, Hall's counsel equivocated as to whether a statement to this effect was even made at all. *See id.* ("Because when that occurred, *if it did occur* . . .") (emphasis added). Additionally, Hall's counsel did not suggest that the jury "violated the sequestration rules by doing outside research," but rather utilized "external information . . . outside the realm of what is typically possessed by a layperson." *Id.* at 25.

Notwithstanding the ambiguous nature of the purported communication, Hall claims that the presumed implication behind the decision to present character witnesses goes beyond a lay juror's common knowledge and experience. *See* Appellant's Brief at 17-18 ("The eleven lay members of [] Hall's jury cannot reasonably have been expected to know th[e] law [regarding reputational evidence]."). As such, by presenting this "information," the foreperson provided an "extra-record fact," not subject to a layperson's understanding, during deliberations, i.e., that Hall's "failure to present good character evidence indicates he has a prior conviction." *Id.* at

19.[2]

Hall relies heavily on **Pratt** to establish that he has met the threshold showing of potential prejudice in order to be granted an evidentiary hearing. However, **Pratt** is eminently distinguishable to the present matter because it involved jurors, while empaneled in a medical malpractice case, having discussions with "*outside* medical professionals, who were friends, relatives, and/or personal physicians." 886 A.2d at 315 (emphasis added). More recently, in **Jeter**, a decision where this Court found a partial abuse of discretion and remanded for an evidentiary hearing, there had been an allegation that, during jury deliberations, one of the jurors, *inter alia*, was having a difficult time deciding what to do and discussed the case with her father, resulting in an ultimate decision to vote guilty. **See** 296 A.3d at 1200. We determined that the prejudice threshold had been met to "warrant further investigation to determine whether [that juror's father] provided [the juror] with 'prejudicial information not of record and beyond common knowledge and experience' or improperly brought to bear an outside influence on her." **Id.** at 1201.

Here, juxtaposed against his concession that *none* of the jurors

_____

[2] We note that Hall does not raise any challenge to the court's jury instructions. Indeed, after our review, we conclude that the court's instructions were both legally appropriate and all-encompassing. **See, e.g.**, N.T. Jury Trial, 2/2/23, at 140-48.

performed outside research prior to reaching their collective verdict, Hall's argument necessarily stems from the preexisting knowledge or supposition of an attorney juror. **See** Appellant's Brief at 24 ("Counsel averred that the foreperson provided other jurors information about [] Hall's criminal record that the lower court correctly attempted to exclude from their consideration at trial."). Despite this contention, even assuming that there was a communication from the foreperson to at least one other juror that resembles Hall's proffer, he has failed to provide *any* indication, or citation to authority, that the juror's statement was anything more than speculation on that juror's behalf. Without anything to corroborate the juror's effective hunch that the absence of character witnesses suggested a prior criminal record, there was no "prejudicial information" or "outside influence" within their respective evidentiary meanings. Indeed, the motion for new trial and evidentiary hearing equivocates and relies on presumptions. **See e.g.**, Motion for New Trial and Evidentiary Hearing ¶ 7 (stating that jurors asked defense counsel about its failure to call character witnesses, which was "accompanied by a *suggestion* that the foreperson – themselves an attorney – *may* have opined to the rest of the jury that the failure to call a character witnesses is indicative of a prior criminal record[]") (emphases added).

Finally, Hall has failed to demonstrate that the implications or inferences that might be drawn from a failure to call character witnesses is beyond a juror's "common knowledge and experience." Other than providing rules of

evidence involving the admissibility of character evidence at criminal proceedings, Hall has presented no authority to establish that the inclusion or omission of character witnesses, and the attendant effects of those decisions, falls squarely within the exclusive domain of an attorney's capacity for understanding, and falls outside the ken of laypersons and/or lay jurors.[3] We conclude that it is not out of the realm of possibility that jurors, irrespective of their backgrounds, could become suspicious of a defendant's desire not to call any character witnesses. That suspicion could lead to unpoliceable inferences within the realm of common knowledge, such as, *inter alia*, that the defendant has a criminal record. We observe that, here, Hall is *not* asserting that the attorney foreperson declared to the jury with absolute certainty that Hall had a prior criminal record. Instead, to the extent there is any truth in the foreperson's communication to others, it was merely to suggest a possible reasoning behind defense counsel's decision to not call any character witnesses.

We find that the proffered testimony merely delved into the deliberative process, which may not be reached. **See Messersmith**, 860 A.2d at 1085. Further, we conclude that although the attorney foreperson may have

_____

[3] We note that, as a possible way of staving off complaints associated with jurors who happen to be attorneys, in some other jurisdictions, licensed practicing attorneys are exempt from jury service on civil and criminal cases. **See, e.g.**, Va. Code. § 8.01-341(5).

conveyed to one or more jurors that Hall's trial strategy was possibly purposeful based on a *potential* criminal record, it was not predicated on objective, outside *information* that was beyond common knowledge and experience. **See Pratt**, 866 A.2d at 320. Moreover, Hall failed to demonstrate that his claims are more than a supposition and has therefore failed to show prejudice. **See Jeter**, 296 A.3d at 1197

As such, because testimony of the deliberative process is prohibited absent an exception, we find that the court did not abuse its discretion in declining to grant an evidentiary hearing to explore the precise nature of the conjectural allegations contained in Hall's motion. **See United States v. Caldwell**, 776 F.2d 989, 998 (11th Cir. 1985) ("The more speculative or unsubstantiated the allegation of [jury] misconduct, the less the burden to investigate."). Therefore, we affirm Hall's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/15/2025